THADDEUS S. ROBERT, *et al.*, RESPONDENTS, *v.* I. H. ADAMS, *et al.*, APPELLANTS.

PROPERTY EXEMPT FROM EXECUTION.—The exemption of property liable to seizure and sale by the third subdivision of Section 219 of the Practice Act is intended to apply only to oxen, horses or mules, suitable and intended for the ordinary work conducted on a farm.

IDEM.—A stallion, not used as a work horse on a farm, but kept for the service of mares, is not exempt from execution.

APPEAL from the District Court of the Third District, Santa Clara County.

The case is stated in the opinion.

*Peckham & Payne, Moore, Laine & Silent,* for Appellants.

*J. Alex. Yoell* and *Andrew Craig,* for Respondents.

CROCKETT, J., delivered the opinion of the Court:

The only point in this appeal which we deem it necessary to discuss is whether or not, under the third subdivision of Section 219 of the Practice Act, a stallion, not used as a work horse on a farm, but kept for the service of mares, is exempt from execution.

The subdivision in question exempts from execution "the farming utensils and implements of husbandry of the judgment debtor; also, two oxen, or two horses, or two mules, and their harness, four cows, one cart or wagon, and food for such oxen, horses, cows or mules, for one month." The Act does not, in express terms, make this exemption applicable only to such judgment debtors as were engaged in the

business of farming at the date of the levy; but it is obvious
that such was its intention, and we so held in *Brusie* v. *Grif-
fith* (34 Cal. 305.) That this is the correct interpretation of
the Act, we entertain no doubt whatever.

Nor does the said third subdivision expressly specify that
the oxen, horses or mules must be *work* oxen, horses or
mules. The language is general—"two oxen, two horses,
or two mules, and their harness." But we are satisfied, from
a consideration of the whole scope and spirit of the Act ex-
empting property from execution, that the exemption in this
subdivision was intended to apply only to oxen, horses or
mules suitable and intended for the ordinary work conducted
on a farm. By the first and second subdivisions, there is
exempted certain household furniture, wearing apparel, and
provisions for a month for the use of the family. This ex-
emption is for the benefit of all classes of judgment debtors,
whatsoever may be their vocations; because these articles
are essential to all families. But the next succeeding four
subdivisions were intended to exempt such articles as were
used by the judgment debtor in earning a support for him-
self and family in his particular vocation. Hence, the third
subdivision exempts the farming implements of a farmer,
and two horses, oxen, or mules, with their harness, four
cows, and a cart or wagon, and all seed-grain or vegetables
provided for the purpose of planting or sowing at any time
within the ensuing six months, not exceeding in value $200.
This exemption is to enable the judgment debtor to earn a
support by farming, and secures to him the means appro-
priate to that end. The fourth subdivision exempts the tools
or implements of a mechanic or artisan, "*necessary to carry
on his trade,*" the instruments and chest of a surgeon, physi-
cian, surveyor or dentist, "*necessary to the exercise of their
profession,* with their scientific and professional libraries,"
the law library of an attorney, and the libraries of ministers
of the Gospel. The fifth subdivision exempts the cabin of a
miner and his sluices, pipes, windlass and other "appliances
necessary for carrying on any kind of mining operations,"
including two horses, mules or oxen, and food for the same
for one month, "when necessary to be used for any whim,

windlass, derrick, car, pump, or hoisting gear." The sixth subdivision exempts two oxen, horses or mules, and their harness, and one cart or wagon, " by the use of which a cartman, huckster, peddler, teamster or other laborer habitually earns his living."

From this summary of the Act, it is entirely plain that its purpose was to secure to the judgment debtor the means to prosecute his vocation, and thus earn a support for himself and family. In securing to a farmer two oxen, horses or mules, with their harness, a wagon or cart, his farming implements and his seed-grain or vegetables for planting, the Legislature intended, by this exemption, to enable him to prosecute his business of farming, in the ordinary sense of that term ; and the oxen, horses or mules which are reserved to him must be such as are suitable, and intended for that use. If a contrary construction of this provision were to prevail, a farmer in failing circumstances might invest his whole estate in two valuable stallions or race horses, worth $10,000 or $20,000 each, with no intention whatever to use them for farming purposes ; and, by claiming them as exempt from execution, might defraud his creditors, under color of law, to a large amount. The benevolent design of the statute might thus be perverted to purposes of the grossest fraud.

Judgment affirmed.