[No. 11580.   Department Two. — October 19, 1888.]

## CHARLES MURPHY, APPELLANT, *v.* H. H. HARRIS, RESPONDENT.

EXEMPTION FROM EXECUTION. — In order to be entitled to an exemption under the sixth subdivision of section 690 of the Code of Civil Procedure, the debtor must have *habitually* earned his living by the use of the articles in question.

ID. — The third subdivision of the section relates to persons engaged in farming.

ID. — BURDEN OF PROOF. — Where a party sues to recover property on the ground that it is exempt from execution, the burden is upon him to show affirmatively that he is entitled to the exemption.

APPEAL from a judgment of the Superior Court of Napa County, and from an order refusing a new trial.

The action was brought to recover the possession of two colts, claimed by the plaintiff as exempt from execution. The defendant justified as sheriff under an execution issued out of the superior court of Napa County against the plaintiff. Judgment was rendered in favor of the defendant, from which, and from an order refusing a new trial, the plaintiff appealed. The further facts are stated in the opinion.

*Coghlan & Coombs,* for Appellant.

*F. E. Johnston,* and *Wallace & Johnston,* for Respondent.

HAYNE, C.—The question in this case is, whether two colts were exempt from execution against the plaintiff.

There are two provisions which might be claimed to have some reference to the matter. The third subdivision of section 690 of the Code of Civil Procedure is as follows:—

"3. The farming utensils or implements of husbandry of the judgment debtor; also two oxen, or two horses, or two mules, and their harness, one cart or wagon, and food for such oxen, horses, or mules for one month."

The sixth subdivision of the same section is as follows:—

"6. Two horses, two oxen, or two mules, and their harness, and one cart or wagon, one dray or truck, one coupé, one hack or carriage for one or two horses, by the use of which a cartman, drayman, truckman, huckster, peddler, hackman, teamster, or other laborer *habitually* earns his living."

These provisions correspond to subdivisions 3 and 6 of section 219 of the old Practice Act. That section was frequently amended. (See Laws 1851, pp. 85, 86; Laws 1854, pp. 62, 63; Laws 1862, p. 573; Laws 1863–64, p. 523; Laws 1869–70, p. 384; Laws 1871–72, p. 864.) And the section of the Code of Civil Procedure was amended in 1876 and in 1878. But in all these changes the sixth subdivision has always required that the party must "habitually" earn his living by the use of the animals claimed to be exempt. And this requirement has been held to be imperative. (*Dove* v. *Nunan*, 62 Cal. 400.) It cannot possibly be contended that the debtor here habitually earned his living by the use of the colts in question; and therefore this subdivision may be dismissed from consideration.

The other provision has, for all purposes of the present case, been substantially the same as it stands at present, —most of the changes being in the latter half of the subdivision. And while the language is not absolutely clear, it has been held, and we think correctly, that it relates exclusively to persons engaged in farming. (*Bru-*

*sie* v. *Griffith,* 34 Cal. 305; 91 Am. Dec. 695; *Robert* v. *Adams,* 38 Cal. 383, 384; 99 Am. Dec. 413.)

The finding of the court was, in substance, that for eighteen months prior to the seizure the plaintiff was not engaged in the business of farming. And we cannot say upon the record that this finding is not sustained by the evidence. It is certainly incumbent upon a party who brings a suit for the recovery of property, upon the ground that it is exempt, to show affirmatively that he is entitled to the exemption. The evidence here, however, is disjointed and vague, and we cannot say with any reasonable certainty that the plaintiff proved himself to be engaged in farming within the meaning of the provision.

We therefore advise that the judgment and order denying a new trial be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order denying a new trial are affirmed.