[Civ. No. 737.   First Appellate District.—March 9, 1910.]

# D. T. VAN LUE, Appellant, v. WAHRLICH-CORNETT CO., a Corporation, Respondent.

EXEMPTION OF PROPERTY FROM EXECUTION—FARMER—TEAMSTER.—The same person cannot claim both an exemption from execution as a farmer under subdivision 3 of section 690 of the Code of Civil Procedure and also an exemption as a teamster under subdivision 6 of that section.

ID.—ACTION FOR CONVERSION OF EXEMPT PROPERTY—DOUBT OF RIGHT—PLEADING BOTH EXEMPTIONS.—In an action to recover damages for the conversion of exempt property, where the plaintiff is in doubt, under the facts, whether he is entitled to exemption as a farmer or as a teamster, he is entitled to plead both claims, and recover according to the exemption best established in proof.

ID.—IMPROPER REQUIREMENT OF ELECTION.—In such case, it was error for the court to require the plaintiff to elect at the end of plaintiff's case upon what exemption he will rely, where his evidence shows that his regular occupation had been that of a farmer for ten years, but that after the destruction of his crop by flood he had difficulty in obtaining another lease, and had meanwhile made his living as a teamster, for the period of eighteen months, on account of failure of *bona fide* attempts to obtain a new farming lease.

ID.—IMPROPER NONSUIT OF PLAINTIFF.—Where the plaintiff, being improperly compelled to elect, elected the farmer's exemption, the court erred in granting a nonsuit of the plaintiff upon motion of the defendant.

ID.—EFFECT OF MOTION FOR NONSUIT.—A motion for a nonsuit admits the truth of the plaintiff's evidence and of every fair construction, inference or presumption favorable to him. The plaintiff's evidence tended to prove the material allegation of the complaint that he was a farmer, and had attempted and intended in good faith to resume the business of farming, and that on the day of the levy he had nearly concluded arrangements to lease a small farm.

ID.—EXEMPTION OF CALLING NOT FORFEITED—OTHER NECESSARY EMPLOYMENT FOR LIVING.—A person does not forfeit his right of exemption as a member of a particular calling because, while seeking in good faith an opportunity to engage therein, he accepts some other employment in order to earn a living for himself and family.

ID.—LENGTH OF TIME TO BE CONSIDERED—QUESTION FOR JURY.—Although the length of time which elapses before the regular employment is secured is to be considered, yet the lapse of eighteen months under

the circumstances of this case did not authorize the court to take the question of the calling of plaintiff as a farmer from the jury.

Id.—Liberal Construction of Exemption Statutes.—Statutes exempting property from execution should be fairly and liberally construed, and, as far as practicable, beneficially to the debtor.

APPEAL from a judgment of the Superior Court of Monterey County. B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Dougherty & Lacey, for Appellant.

Sargent & Bardin, and P. E. Zabaly, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in favor of the defendant taken within sixty days after the entry thereof, in an action to recover damages for the conversion of property claimed by plaintiff as exempt from execution.

Plaintiff had been engaged as a farmer for about ten years, when in March, 1907, a farm comprising eighty acres, which he held under a lease, and upon which he had been raising beets for about two years, was flooded and his crop of beets destroyed. From that time until October, 1908, when the personal property in question was attached, plaintiff engaged in the business of a teamster. During this time, however, he had retained his horses and some farming implements, intending to return to the farming business, and made various efforts to do so, but without success. In October, 1908, the defendant obtained a judgment against plaintiff in the superior court, upon which an execution was issued, and the personal property in question sold. After the property had been seized plaintiff demanded its return from the sheriff, upon the ground that he was a farmer and teamster, and that therefore the property was exempt from execution. Its return being refused, he commenced the present action.

The plaintiff in his complaint claims exemptions both as a farmer and a teamster. The case went to trial, and at the conclusion of plaintiff's case the court, upon motion of defendant, required plaintiff to elect whether he would claim exemption as a teamster or as a farmer. After excepting to the order, he elected to rely on his claim as a farmer, where-

upon the defendant moved for a nonsuit on the ground that there was no evidence showing that at the time of the taking of the property plaintiff was a farmer. This motion was granted by the court, to which ruling the plaintiff also duly excepted. The result is that while it is admitted in the brief of defendant that plaintiff was entitled to a teamster's exemption, he stands deprived of all exemption.

Plaintiff was not entitled to both exemptions. Subdivision 3 of section 690, Code of Civil Procedure, relates exclusively to exemptions in favor of judgment debtors who are farmers (*Roberts* v. *Adams,* 38 Cal. 384, [99 Am. Dec. 413]; *Murphy* v. *Harris,* 77 Cal. 195, [19 Pac. 377]); and subdivision 6 of the same section exempts two horses and their harness, and one cart or wagon, dray or truck *by which a teamster or other laborer habitually earns his living* (*Dove* v. *Nunan,* 62 Cal. 400). While subdivisions 1, 2 and 10 of section 690 of said code exempt certain furniture, etc., and earnings of judgment debtors, and probably apply to all vocations mentioned in the section (*Roberts* v. *Adams,* 38 Cal. 384, [99 Am. Dec. 413]), still we think that a comparison of subdivisions 3 and 6, and a consideration of the scope and spirit of the whole section, force the conclusion that a person cannot claim both the farmer's and the teamster's exemption. (*Brusie* v. *Griffith,* 34 Cal. 302, [91 Am. Dec. 695]; Harlow on Sheriffs and Constables, 3d ed., p. 463; *Morrell* v. *Seymour,* 3 Mich. 65.)

But we think it was competent for the plaintiff, being in doubt as to which exemption he was entitled to, to set forth both in his complaint, as was done in this case.

In the case of *Wilson* v. *Smith,* 61 Cal. 209, the plaintiff in an action for work and labor set forth his cause of action in two counts, one upon an agreement to pay a stipulated price, and the other upon a *quantum meruit;* and the court held that plaintiff might state his cause of action in two forms where there was a fair and reasonable doubt of his ability to plead them in one mode only. In *Remy* v. *Olds* (Cal.), 34 Pac. 216, the complaint contained two counts, one for damages on a contract, and the other to recover for materials furnished, etc. The defendant requested the court to require the plaintiff to elect upon which count he would rely. This the court refused to do, and the ruling was as-

signed as error. The court said: "Conceding that this is an action in which the same cause of action is differently stated in two separate counts, still I think the ruling correct. The right to so plead is well established here (citing cases). Since it is allowable to state the cause of action in the alternative, using different counts in order to meet any possible phase of the evidence, a party cannot be deprived of the privilege by being compelled to strike out all causes of action save one before the trial commences. It would render the privilege a barren one." (See, also, Pomeroy's Code Remedies, sec. 467; *Rucker* v. *Hall,* 105 Cal. 425, 428, [38 Pac. 962] ; *Cowan* v. *Abbott,* 92 Cal. 100, [28 Pac. 213] ; *Stockton etc.* v. *Glenn Falls Ins. Co.,* 121 Cal. 167, [53 Pac. 565] ; *Willard* v. *Carrigan,* 8 Ariz. 70, [68 Pac. 538] ; *Woodman* v. *Davis,* 32 Kan. 344, [4 Pac. 262] ; *Pittsburg* v. *Hedges,* 41 Ohio St. 233; 31 Cyc. 117, 121.) We think it was error for the trial court, after the plaintiff's case was all in, to require him to elect on which exemption he would stand, as the effect of the court's order was merely to require him to hazard a guess as to the case he had made out. The plaintiff was entitled to one exemption, and from the record it is plain that he entertained a fair and reasonable doubt as to which of the two exemptions he was entitled, and in order to protect his rights he was warranted in setting forth both exemptions.

We are also of opinion that the action of the court in granting defendant's motion for a nonsuit was erroneous. A motion for a nonsuit admits the truth of plaintiff's evidence, and of every fair construction, inference or presumption favorable to him deducible therefrom. (*Archibald Estate* v. *Matteson,* 5 Cal. App. 441, [90 Pac. 723] ; *Estate of Arnold,* 147 Cal. 583, [82 Pac. 252] ; *Estate of Welsh,* 6 Cal. App. 44, [91 Pac. 336].) The evidence introduced by plaintiff tended to prove all the material allegations of the complaint, including the allegation that he was a farmer; and the question of whether or not he was entitled to a farmer's or a teamster's exemption should, with proper instructions, have been left to the jury. There was evidence that up to the time his crop was destroyed in the spring of 1907 he had farmed for ten years; that after he was flooded out he retained his horses and some of his agricultural implements,

intending to resume the business of a farmer, and that he made every reasonable effort to do so. Indeed, upon the very day of the attachment he had all but concluded arrangements to lease a small farm. The only feature of his case which supports the theory of defendant that he was not a farmer is that he was not thus occupied for a period of about eighteen months prior to the levy of the attachment, and that during this period he had earned his living by teaming. Giving the plaintiff, however, the benefit of every reasonable inference and construction deducible from the evidence we are bound to conclude that he not only in good faith intended to resume farming, but that during the entire eighteen months he made every reasonable effort to accomplish this end. We assume that farms cannot be readily rented at all seasons of the year. There can be no doubt that a person does not forfeit his right of exemption as a member of a given calling because, while seeking in good faith an opportunity to engage therein, he accepts some other employment in order to earn a living for himself and family. No doubt the length of time elapsed since actively pursuing that calling is an element to be considered in ascertaining whether or not it has been abandoned; and while, if the question of whether the plaintiff's former occupation had been abandoned were submitted to us as a question of fact, we might hold that it had, still we think that the lapse of eighteen months under the circumstances of this case did not authorize the trial court to take the question from the jury. Before citing cases to support this view it may not be amiss to call to mind that statutes exempting property from execution should be fairly and liberally construed, and, as far as practicable, beneficially to the debtor. (*Matter of McManus,* 87 Cal. 292, [22 Am. St. Rep. 250, 25 Pac. 413] ; 12 Am. & Eng. Ency. of Law, 2d ed., p. 75.)

In *Caswell* v. *Keith,* 12 Gray (Mass.), 351, it is said: "The distinction between withdrawing from the pursuit of a particular trade or occupation, with a determination never to resume it, and a temporary diversion from its prosecution while engaged in conducting some other business or enterprise not intended to be of permanent or durable continuance, is clear and definite. . . . To secure to himself the privileges and benefits intended to be conferred by the provisions of

12 Cal. App.—48

the statute, an artisan is not required to ply his trade without any possible intermission or the occurrence of any interruption in its pursuit. If, for instance, owing to the general stagnation of business, he cannot for a season find remunerative employment in carrying it on, or if, from personal infirmity or other intervening impediment, it becomes necessary or expedient that he should resort temporarily to some other department of industry to obtain means of supporting himself and his family, he cannot, so long as he entertains an intention to return, as soon as circumstances will permit, to occupation and employment in his trade, be said to have given up or abandoned it."

Another case holding that one does not lose his right of exemption by reason of having temporarily suspended his occupation, if he intends to return to it when he has an opportunity, is *Harris* v. *Haynes,* 30 Mich. 140. (See, also, generally, 18 Cyc. 1416 et seq.)

The judgment is reversed.

Cooper, P. J., and Hall, J., concurred.