[Civ. No. 4338.  Second Appellate District, Division Two.—May 12, 1927.]

PAUL PETRICH, etc., Appellant, v. JOE FRANCIS et al., Respondents.

[1] EXEMPTIONS—GARNISHMENT—EVIDENCE.—One who claims the benefit of exemption laws must bring himself within their spirit, or, in other words, he must show that he belongs to one of the classes mentioned in them, and the burden is upon him to show that he is entitled to exemption; and these rules necessarily mean that one who contends for an exemption must establish his right by evidence, by facts.

[2] ID.—EARNINGS OF SEA-GOING FISHERMAN—INSUFFICIENCY OF AFFIDAVIT.—An affidavit claiming exemption of garnished money because the money constituted "the earnings of affiant earned and acquired by him as a seagoing fisherman and while engaged in

---

1.  Presumption and burden of proof of statutory exemption from execution, note, Ann. Cas. 1914A, 245. See 11 R. C. L. 558.

2.  See 1 Cal. Jur. 669, 670; 1 R. C. L. 773.

such occupation," and because "affiant is now, and at all times herein mentioned has been a seagoing fisherman," merely follows the language of the statute (subdivision 9, section 690, of the Code of Civil Procedure), states nothing but conclusions of law, and proves nothing.

(1) 25 **C. J.**, p. 12, n. 63, p. 158, n. 90.   (2) 25 **C. J.**, p. 136, n. 99.

APPEAL from an order of the Superior Court of San Diego County allowing exemption of earnings from garnishment.   C. N. Andrews, Judge.   Reversed.

The facts are stated in the opinion of the court.

Stickney & Stickney for Appellant.

No appearance for Respondents.

WORKS, P. J.—Plaintiff, to secure the payment of an anticipated judgment in his favor upon the claim upon which he brought suit, caused a garnishment to be served upon a corporation which had in its possession money payable to defendant Santich.   The latter made claim that the money was exempt from execution and the trial court sustained his contention.   Plaintiff appeals from the order made in that behalf.

The order finds its sole support in an affidavit made by Santich, which showed only that he claimed the exemption because the money constituted "the earnings of affiant earned and acquired by him as a seagoing fisherman and while engaged in such occupation," and because "affiant is now, and at all times herein mentioned has been a seagoing fisherman." This language represents the entire attempt on the part of Santich to bring himself within the provisions of the statute to the effect that "the wages of all . . . seagoing fishermen," not exceeding a certain amount, which is greater than the amount specified by Santich in his affidavit, are exempt from execution (Code Civ. Proc., sec. 690, subd. 9).

[1]   One who claims the benefit of exemption laws must bring himself within their spirit (25 C. J. 12), or, in other words, he "must show that he belongs to one of the classes mentioned" in them (*Swanz* v. *Clark*, 71 Mont. 385 [229

Pac. 1108']). Again, the burden is upon him to show that he is entitled to the exemption (*Murphy* v. *Harris,* 77 Cal. 194 [19 Pac. 377]). These rules necessarily mean that one who contends for an exemption must establish his right by evidence, by facts. [2] The affidavit of Santich merely follows the language of the statute and states nothing but conclusions of law. Such an affidavit proves nothing (1 Cal. Jur. 669, 670).

Order reversed.

Thompson, J., and Murphey, J., *pro tem.,* concurred.