JOHNSON, P. J.
Before her marriage to the defendant Robert R. Taylor, in June, 1930, Mrs. Taylor was the wife of J. Chandler Smith, from whom she obtained an interlocutory decree of divorce on April 1, 1927, wherein she was awarded for her maintenance $75 per month for thirteen months. During the interval between the interlocutory and the final decree of divorce, and' while the parties to the *Supp. 772 divorce action were living apart, said defendant, then known as Mrs. Smith, contracted the obligation here sued on for services rendered her in May and June, 1927, in the amount of $147.80.
Her individual liability having been admitted, the only matter in controversy is the liability of her present husband Robert R. Taylor.
Judgment was rendered in the trial court against both defendants, with the proviso that the judgment against Robert R. Taylor should be subject to satisfaction out of the community property only. Prom that judgment he appealed.
When a man tabes to himself a wife, he takes her for better or for worse and with her debts and encumbrances. As is said in Heyman v. Heyman, 19 Ga. App. 634 [92 S. E. 25, 26], “If the wife is indebted before marriage, the husband is bound afterwards to pay the debt, for he has adopted her and her circumstances together.”
At common law the husband, though the wife came to him without any property of her own, became immediately liable for her debts because of his right to all that she might earn during the marriage. Where the community property law prevails, the wife is supposed to be an equal contributor to the community estate over which the husband has control. So the antenuptial debts of the wife become debts of the husband also to the extent of the community property in his hands. (Van Maren v. Johnson, 15 Cal. 308; Vlautin v. Bumpus, 35 Cal. 214.) And even though a debt was contracted by a wife during an earlier marriage, while she and her former husband were living apart, both she and the husband of a subsequent marriage may be charged with payment, the wife in this state out of her separate property, and the husband out of the community funds. (Prescott v. Fisher, 22 Ill. 390, 393.)
The judgment in this case makes the husband, Robert R. Taylor, liable only to the extent of the community property, as is proper, and thus leaves his separate property exempt. He has, therefore, no legal ground of complaint. His liability is merely one of his matrimonial obligations.
The judgment is affirmed.
Goodell, J., and Conlan, J., concurred.