[Civ. No. 7761. First Appellate District, Division One.—September 24, 1932.]

GEORGE H. CAIN et al., Appellants, v. HARRY M. RICHMOND et al., Defendants; ESSIE J. URSTADT et al., Interveners and Respondents.

Owen D. Richardson and Donald B. Richardson for Appellants.

Louis Oneal and William F. James for Respondents.

LANDIS, J., *pro tem.*—In payment of a part of the purchase price of certain real property sold by plaintiffs to defendants on December 18, 1922, defendants executed and delivered to plaintiffs their promissory note in writing in the sum of $18,000 and interest, payable five years after date, and to secure the payment of said note executed on the same date a trust deed covering the said real property. Defendants having failed to pay the note when due, the property was sold under and pursuant to the terms of said trust deed for the sum of $10,000. By this action plaintiffs seek to recover the sum of $8,751.84 representing the deficiency or the balance due on said promissory note after the sale of the property under the trust deed.

Under the claim and contention that defendants were the owners thereof, in August, 1929, plaintiffs caused to be attached certain property which will be referred to as the ''Urstadt property'' and thereafter, pursuant to an order of the trial court allowing it, Essie J. Urstadt and Milton A. Urstadt were allowed to intervene by filing a complaint in intervention, under which complaint interveners claimed title to the said Urstadt property and sought a decree against plaintiffs and defendants quieting their title to the said Urstadt property. The trial court gave judgment for plaintiffs and against defendants for the balance due on the promissory note, and gave judgment for interveners and against plaintiffs and defendants quieting their title to the Urstadt property. This appeal is by the plaintiffs from the part of the judgment quieting the title of the interveners to the Urstadt property against the plaintiffs.

The question presented on this appeal is whether or not the evidence was sufficient to support the findings of the trial court upon which was based the decree quieting title of the interveners to the Urstadt property and against the plaintiffs, or, to be more specific, that the conveyance to the interveners was not made with fraudulent intent. The trial court having determined from the evidence that the conveyance was not made with fraudulent intent, such determination of the evidence is conclusive on appeal unless it shall appear as a matter of law that it is insufficient to support the findings.

It may be noted that to the complaint in intervention plaintiffs' answer was limited to a denial of interveners' title and a claim that their attachment was a lien on the Urstadt property. No specific charges of fraud were made and no attempt was made to set aside the conveyance from the defendants to the interveners. Plaintiffs contend that the said conveyance to interveners was fraudulent and therefore their attachment in their action against the defendants constituted a lien upon the Urstadt property, and base such contention upon the following facts which they claim are shown by the evidence and which they contend constitute badges of fraud and justify an inference of fraudulent intent, to wit: that the conveyance was to a daughter and son-in-law; that the debt on the note held by plaintiffs was to mature on December 18, 1927; that the purported consideration as to support was vague and inadequate and arising from the alleged loans was uncertain, consisting of amounts uncertain as to total and time; that there was no assumption of the existing encumbrance on the Urstadt property mentioned in the deed of October 11, 1927; that by execution of the conveyance attacked, the defendants rendered themselves insolvent; that the property conveyed had a net value of $17,500 and that possession was retained by the defendants.

In support of their contention, plaintiffs appear to rely first and principally upon the added proviso to section 3442 of the Civil Code as amended in 1895 (Stats. 1895, p. 154), which provides that any transfer or encumbrance of property made or given voluntarily, or without a valuable consideration, by a party while insolvent or in contemplation of insolvency, shall be fraudulent, and void as to existing creditors; and second, that the case falls within the class of cases in which a conveyance may be set aside at the instance of a creditor, when the conveyance is made with intent to defraud.

The facts necessary for an understanding sufficient for a determination of the issues involved are as follows: About December, 1922, plaintiffs sold to defendants an orchard property for $25,000. Defendants paid $7,000 in cash and gave a note for $18,000 secured by a trust deed on the property. Defendants paid $500 on the principal in 1924 and $500 on the principal in 1927, and paid the inter-

est up to December 19, 1928. The property was sold under the trust deed in July, 1929, and bid in by plaintiffs for $10,000, leaving a deficiency on the note of $7,000 plus interest and costs. The defendants owned another orchard property entirely distinct from and having nothing to do with the property encumbered by the plaintiffs' trust deed, being the property herein referred to as the Urstadt property. The defendants are elderly people, and the parents of Essie J. Urstadt, who with her husband are the interveners in this case. On October 11, 1927, the defendants executed a deed to their said daughter and her husband of the Urstadt property. There was then a mortgage on said property in the sum of $3,500 held by a bank. The defendants were indebted to the interveners for money advanced to them from time to time in small amounts aggregating between $500 and $700. The Urstadt property was conveyed by the defendants to the interveners pursuant to an agreement entered into by and between the defendants and interveners by the terms of which the indebtedness for the moneys advanced to the defendants was canceled, the mortgage indebtedness owing to the bank was assumed by the interveners, and the interveners undertook to care for and support the defendants during the remaining years of their lives. The defendants continued to live upon the conveyed premises, but from the date of the deed forward all taxes and expenses of running and maintaining the property were paid by the interveners, and all contracts and transactions concerning the operation of the property were made independently by the interveners, and all proceeds therefrom taken and retained by them, and the interveners also continued to furnish the means of subsistence for the defendants.

Although generally speaking the rule is that whether or not the conveyance was made with an actual intent to defraud a creditor is never a question of law, but is always one of fact, which is to be determined from all the evidence adduced, and that it is always within the province of the court to decide what circumstances are sufficient evidence of fraud (12 Cal. Jur., p. 1045, sec. 87, and cases there cited), since the enactment of section 3442 of the Civil Code in 1895 the rule has been laid down that the concurrence of insolvency and a want of consideration

are conclusive evidence of an intent to defraud existing creditors. (12 Cal. Jur., p. 1018, sec. 60, p. 1019, and cases there cited, and p. 1065.)

As defined by the Civil Code, section 3450, a debtor is insolvent, within the meaning of this title, when he is unable to pay his debts from his own means, as they become due. In its popular and general sense and in the sense of the statute, insolvency is used to denominate the insufficiency of the entire property and assets of an individual to pay his debts. (*Van Riper* v. *Poppenhausen,* 43 N. Y. 68; *Paulding* v. *Chrome Steel Co.,* 94 N. Y. 334.)

For the reason that the debt was not due plaintiffs in October, 1927, when the conveyance attacked was executed, coupled with the facts that in addition to the property conveyed which had a value of $17,500 and on which there was a mortgage of $3,500, defendants then owned the property purchased from plaintiffs upon which the deed of trust was given and which they had purchased for $25,000, and that since there is no evidence in the record other than the price for which it was sold showing what the value of the property purchased was at any time, it must be presumed that its value was $25,000, and that the indebtedness owing by defendants at the time of the conveyance was $17,000 with the interest paid up and the principal not due, leaving an equity in the property of $8,000, it cannot be held that defendants were insolvent.

With respect to the contention that the conveyance was fraudulent or without consideration, the undisputed evidence shows that the conveyance was made for the following considerations: (a) the canceling of the indebtedness due the grantees from the grantors, then amounting to between five and seven hundred dollars; (b) the assumption by grantees and the release of grantors of the indebtedness secured by encumbrance on the conveyed property, amounting to $3,500; and (c) the agreement on the part of the grantees to support and maintain the grantors during the balance of their lives, the value of which is indeterminate.

It is only when a transfer is made or given voluntarily, or without a valuable consideration by a party while insolvent or in contemplation of insolvency, that the statute declares such transfer to be fraudulent and void as to

existing creditors. (*Denehy* v. *Stewart*, 41 Cal. App. 88 [181 Pac. 839]; *Hopkins* v. *White*, 20 Cal. App. 234, 246 [128 Pac. 780, 785].)

 A valuable consideration is such as money or the like, and the adequacy or inadequacy of the amount, or its disproportion to the actual value of the property, does not affect the question of the kind of consideration. (*Lindley* v. *Blumberg*, 7 Cal. App. 140 [93 Pac. 894].) The adequacy of the consideration is an element of the good faith of the transaction and has no bearing upon whether the consideration is a valuable or good one. (*Frey* v. *Clifford*, 44 Cal. 335, 342; *Clark* v. *Troy*, 20 Cal. 219, 220, 224.)

There appears to be no doubt that the trial court was warranted in holding that the conveyance was made without any fraudulent intent, and applying the rule that the findings of the trial court on a matter of fact will never be disturbed on appeal, except in those cases where the utter lack of any evidence to support such findings renders it a matter of law (*Reay* v. *Butler*, 95 Cal. 206, 214 [30 Pac. 208]), it follows that the judgment of the trial court should not be disturbed, and, for the reasons herein discussed, it is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.