[Civ. A. No. 291. Appellate Department, Superior Court, City and County of San Francisco.—February 28, 1933.]

LEWIS P. WHITE, Respondent, v. CAMILLA GOBEY, Defendant; ARTHUR J. GOBEY, Third Party Claimant and Appellant.

(2 Cal. Supp. 54.)

Theo. Roche, Jr., for Appellant.

G. J. Irwin for Respondent.

GOODELL, J.—This appeal involves the question whether, in view of the exemptions allowed by law, earnings of the husband, needed for support of the family, may be subjected to execution to satisfy a judgment against the wife, upon a debt for clothing bought by her on her own credit before her marriage.

The trial court held in this case that only one-half of the earnings of the husband for services rendered within thirty days prior to the levy was exempt, and that the other half was subject to execution.

On January 3, 1929, the plaintiff recovered judgment against the defendant, Camilla Gobey, on a clothing bill incurred by her before she married appellant, Arthur J. Gobey, and when she was known as Camilla Connelly. It is assumed that the clothing she bought was a necessity. The husband, Arthur J. Gobey, was not made a party to the action, but an execution was levied against his earnings, and he filed a third party claim to exempt such earnings under subdivision 10 of section 690 of the Code of Civil Procedure.

Admittedly plaintiff proceeded, in making this levy, upon the theory that a husband is responsible for antenuptial debts of the wife recoverable out of community property, under the holding of this department in *Johnson* v. *Taylor,* 120 Cal. App. (Supp.) 771 [4 Pac. (2d) 999]. The appellant concedes that community property is thus liable, but insists that he is entitled to the exemption claimed, for the reason that the debt out of which the levy arose was not a debt contracted by him, nor was it a debt contracted by Mrs. Gobey for necessities *while she was his wife.*

Respondent contends that the exemption can be availed of only by a ''judgment debtor'', and that the appellant is not one. But, while the appellant was not joined as a defendant in the action, and is, therefore, not a judgment debtor in the technical sense, nevertheless, the very theory upon which his earnings were levied upon is that his liability was *in the nature* of that of a debtor (to the extent of community earnings). The levy certainly was not made on the theory that appellant owed his wife this money, and that it was, therefore, subject to garnishment by her creditor. The husband cannot be treated for one purpose as a judgment debtor, and then not be permitted to assert the rights that every judgment debtor has.

We are satisfied that the total exemption should have been allowed. It by no means follows that because community earnings of either spouse, or of both spouses, are answerable for antenuptial debts of the wife, resort may be had to that part of the community property which, for good reasons of public policy, the legislature has said cannot be touched. The obligation is one imposed by law for the reasons stated in *Johnson* v. *Taylor supra,* and cases there cited. As a result of the marriage, it becomes the husband's debt without any doubt (payable only out of community property), but is of no higher dignity than any debt incurred by him in the first instance and for his own purposes. An ordinary loan obtained by him to carry on his business, if reduced to judgment, could not be collected out of earnings, if the debtor made a proper showing under subdivision 10 of section 690 of the Code of Civil Procedure; and it is difficult to see how a debt contracted by the woman who afterwards becomes his wife is in any better position, or sur-

rounded with any greater legal immunity, than an ordinary debt of his own. The language of subdivision 10 is that ''where debts are incurred by any such person, *or his wife* or family for the common necessaries of life . . . '' one-half the earnings is subject to execution. We are satisfied that, as to debts incurred by ''his wife'', this must mean *while she is his wife.* ''The underlying purpose of the statute exempting from execution certain property is to provide for the support and welfare of the family of the person claiming exemption'' (*Bailey* v. *Superior Court,* 215 Cal. 548, 554 [11 Pac. (2d) 865, 867]). So that the beneficent purposes of this statute be not carried too far, it has been wisely provided that half of the earnings for the last thirty days prior to the levy may be taken in payment for common necessaries of life. Necessities, then, used for the very maintenance of the debtor's family, for food, clothing and the like, are what the legislature meant to make special provision for.

The defendant in this case is *now* the appellant's wife; but the necessities for which she was sued were not necessities of the appellant or of his family, or necessities bought by the defendant for or on behalf of the appellant or his family or of herself *as a member of it.*

There is no authority cited to us upon the subject, and we are confined to the language of the statute itself. We think the view we have taken conforms to the legislative intent; and it must be borne in mind that ''statutes exempting property from execution should be fairly and liberally construed, and, as far as practicable, beneficially to the debtor'' (*Van Lue* v. *Wahrlich-Cornett Co.,* 12 Cal. App. 749, 753 [108 Pac. 717, 719]). Such statutes ''are evidently intended to protect the debtor, and enable him to follow his vocation, and thus earn a support for himself and family'' (*Matter of McManus,* 87 Cal. 292, 294 [25 Pac. 413, 22 Am. St. Rep. 250, 10 L. R. A. 567]). The conclusion at which we have arrived by no means defeats the collection of this debt. It simply means that the creditor must resort to separate property of the wife or to other community property than the husband's earnings for his personal services rendered within thirty days next preceding the levy and necessary for the support of the family.

It is the determination of this Appellate Department that the earnings of said Arthur J. Gobey held under writ of execution served upon his employer, American Factors, Ltd., are wholly exempt from execution, and that all said earnings are the property of said Arthur J. Gobey, and are payable to him free of any claim of the plaintiff Lewis P. White. The order of the trial court is modified accordingly, and as so modified is affirmed.

Johnson, P. J., and Conlan, J., concurred.