THE FEDERAL LAND BANK OF BALTIMORE, peticionario y apelado, *v.* LA CORTE MUNICIPAL DE JUANA DÍAZ, HON. HERMINIA TORMES, JUEZ, recurrida; ROQUE SANTI GALLETI, MARÍA y JULIA GARCÍA REYES, Interventores y apelantes.

No. 6469.—*Sometido:* Junio 22, 1934. *Resuelto:* Julio 28, 1934.

*López de Tord & Zayas Pizarro y Carlos J. Teissonniere,* abogados de los apelantes; *Frank Martínez y E. Campos del Toro,* abogados del banco apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Mientras se tramitaba en la Corte de Distrito de Ponce un procedimiento sumario promovido por The Federal Land Bank of Baltimore contra Julia García Reyes y también contra Roque Santi Galleti y su esposa María García Reyes para el cobro de una cantidad de dinero garantizada con hipoteca de dos fincas rústicas, una de las cuales es de cuatro cuerdas ochenta céntimos con casa, los demandados en ese procedimiento presentaron demanda en la Corte Municipal de Juana Díaz contra el banco ejecutante y contra Abraham Sepúlveda, éste en su carácter de márshal de la Corte de Distrito de Ponce, para que se declarase por la corte que Roque Santi y su esposa tienen su hogar seguro en la finca de cuatro cuerdas ochenta céntimos con casa, que con otra es objeto del procedimiento sumario en la Corte de Distrito de Ponce, y para que prohiba al banco ejecutante y al márshal de la Corte de Distrito de Ponce que vendan esa parcela de terreno.

Vendidas en subasta en el procedimiento ejecutivo las dos fincas y adjudicadas al acreedor, cuando el márshal de la Corte de Distrito de Ponce trataba de dar posesión de la finca de cuatro cuerdas ochenta céntimos al banco, los demandantes en la Corte Municipal de Juana Díaz solicitaron de ese tribunal que para asegurar la efectividad de la sentencia que se dictase en ese pleito prohibiese al banco y al márshal demandado que lancen a los demandantes de la expresada finca y casa apercibidos de ser castigados por desacato. En esos términos decretó la corte municipal el aseguramiento de la sentencia.

En procedimiento de *certiorari* establecido por el banco ante la Corte de Distrito de Ponce contra esa resolución fueron oídas las partes y recayó sentencia anulando la expresada resolución de la corte municipal y se interpuso esta apelación.

Cuando se solicitó y se obtuvo el aseguramiento de sentencia en la forma que fué decretada estaba en tramita-

ción en la Corte de Distrito de Ponce el procedimiento instituído por el banco para la ejecución de la hipoteca, pues el márshal de dicha corte no había dado posesión al acreedor de la finca de cuatro cuerdas ochenta céntimos que le fué adjudicada. *Arroyo* v. *Zavala*, 40 D.P.R. 269.

Si bien la prohibición que decretó la Corte Municipal de Juana Díaz lo fué de acuerdo con la Ley para asegurar la efectividad de sentencias, su orden prohibitoria por sus términos y por sus efectos equivale a una orden de *injunction*, cuyo propósito y efecto en este caso fué el suspender la ejecución de una orden decretada por una corte de jurisdicción superior, para lo cual no tenía facultad. En el caso de *Quan Wo Chung Co.* v. *Laumeister*, 38 Cal. 384, 17 Am. St. Rep. 261, una corte dictó un auto de *injunction* que impedía el cumplimiento de una orden de una corte superior a aquélla y la corte superior anuló el *injunction* y declaró que no podía prevalecer contra la orden del tribunal superior.

En vista de los hechos de este caso opinamos que la orden de la corte municipal fué propiamente anulada por la Corte de Distrito de Ponce.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Wolf está conforme con el resultado.