[Civ. No. 12116.   First Dist., Div. Two.   Oct. 14, 1942.]

EDITH W. CARTER, Respondent, v. WILLIAM L. CAR-
TER, Defendant and Appellant; EDESSA CARTER,
Third Party Claimant and Appellant.

14

Frank J. Baumgarten for Appellants.

McGuire & Lahanier for Respondent.

DOOLING, J. pro tem.—On May 16, 1941, respondent herein caused a writ of execution to be levied upon a bank account standing in the names of appellants, who are husband and wife. The writ of execution was issued upon a judgment against appellant husband. Appellant husband filed an affidavit claiming the sum of $251.87 to be exempt from execution under section 690.11 of the Code of Civil Procedure. Appellant wife filed a third party claim alleging title to one-half of the amount in the bank account. The two matters were heard together and from an order denying the claim of exemption and adjudging title to the entire bank account to be in appellant husband this appeal was taken.

The exemption granted by section 690.11 of the Code of Civil Procedure is limited to ''the earnings of the defendant or judgment debtor received for his personal services rendered at any time within thirty days next preceding the levy of attachment or execution.'' The burden of proof is on the judgment debtor to establish his right to the exemption. (*Bertozzi* v. *Swisher*, 27 Cal.App.2d 739 [81 P.2d 1016]; *Petrich* v. *Francis*, 83 Cal.App. 72 [256 P. 444]; *Murphy* v. *Harris*, 77 Cal. 194 [19 P. 377].) It was therefore incumbent upon appellant to prove by a preponderance of evidence that the amount claimed to be exempt from execution was ''received for his services rendered . . . within thirty days next preceding the levy.'' Appellant husband failed to meet this burden.

He testified that he sells drapery and upholstery goods on commission in San Francisco for two New York firms. The practice is for him to forward checks to these firms for goods sold and they in turn mail checks to him for the commissions earned. He did not recall what items made up the amount of $251.87 claimed to be exempt. He merely added up all the deposits made in his account within thirty days of the levy. He keeps no books and had no record of his earnings except his deposits and an informal record that he keeps to enable him to make an income tax return. It is obvious from this summary of his testimony that he failed to prove that any part of the sum as to which he claimed an exemption was for ''serv-

ices rendered within thirty days next preceding the levy."
He failed completely in fact to prove when any of such services
were actually rendered.

Appellant wife's claim of title to one-half of the bank
account was based on the following facts: In 1935 the account
was opened by Mr. Carter with a deposit of $250. It was ap-
parently in the form of a joint account in the names of both
appellants although the signature card executed by the parties
was not produced on the hearing. There was testimony intro-
duced from which the court might have found that Mr. Carter
intended to make a gift of one-half of the amount in the ac-
count to his wife. Appellants contend, indeed, that the evi-
dence compels such a finding. In our view of the case we need
not decide this question.

Before the opening of the joint bank account appellant hus-
band had been served with the summons and complaint which
resulted in the judgment upon which the execution here in
question issued. The judgment in that action was for
$5,404.75. The appellant husband gave the following answer
to the following question:

"Q. Isn't it a fact at all times since the early part of 1935,
up to the present time, all of your assets and property at any
one occasion during that entire period amounted to less than
$5,000?

"A. Well, I would say they amounted to less, yes."

It is clear that, with an admitted debt of $5,404.75 to plain-
tiff and assets and property amounting to less than $5,000, ap-
pellant husband was at all times since the establishment of the
bank account insolvent. (*Dixon Lumber Co. v. Peacock,* 217
Cal. 415 [19 P.2d 233], *Cain v. Richmond,* 126 Cal.App. 254
[14 P.2d 546].) Being at all times insolvent all deposits in
the joint account, until its repeal in 1939, were governed by
Civil Code section 3442, which provided "that any transfer
or encumbrance of property made or given voluntarily, or
without a valuable consideration, by a party while insolvent or
in contemplation of insolvency, shall be fraudulent and void
as to existing creditors." (*Lefrooth v. Prentice,* 202 Cal. 215,
228-9 [259 P. 947].) The same rule would apply to all de-
posits thereafter made under Civil Code section 3439.04.

Appellants seek to avoid the effect of these code sec-
tions by two contentions: 1. That the gift to the wife of an
interest in the deposits was in consideration of advances made
by her to the husband; and 2. that the husband did have as-

sets in excess of his debt to plaintiff. As to the first claim no evidence was introduced of the amount of any such advances and the trial court was justified in disregarding testimony of advances given only in vague and uncertain terms. The second claim requires the inclusion of appellant's home among his assets and he testified that the home was covered by a homestead. A home exempt from execution could not be included in the assets in determining appellant husband's solvency. "A man controlling property out of which he may voluntarily pay his debts, if he will, but which for any reason cannot be reached by process of law and thus without his consent subjected to such payment, is nevertheless insolvent." (*Adams* v. *Prather*, 176 Cal. 33, 41 [167 P. 534].)

Appellants also point out that plaintiff did not plead the facts of insolvency and voluntary gift in answer to the third party claim. She was not required to do so under Code of Civil Procedure section 689 which provides: "The third party claim . . . shall be deemed controverted by the plaintiff or other person in whose favor the writ runs." (*Llewellyn Iron Works* v. *Abbott Kinney Co.*, 172 Cal. 210, 213 [155 P. 986].)

The orders appealed from are affirmed.

Nourse, P. J., and Spence, J., concurred.