[Civ. No. 17989.   First Dist., Div. One.   Nov. 3, 1958.]

PERFECTION PAINT PRODUCTS (a Corporation), Respondent, v. GIRTHON JOHNSON, Appellant.

Jane H. Van Hook for Appellant.

No appearance for Respondent.

PETERS, P. J.—Plaintiff has a final judgment against defendant for over $3,800. Plaintiff levied execution on defendant's wages. Defendant claimed that such wages were entirely exempt because all of his earnings were necessary for the support of his family, supporting such claim by the required affidavit. Plaintiff filed an affidavit in opposition. A hearing was had. No transcript of that hearing has been filed. The trial court entered a minute order to the effect "that Thirty-eight Dollars ($38.00) of the monthly wages is subject to execution." Defendant appeals.

Plaintiff has failed to file a brief in support of the order. In such event, under rule 17(b) of the Rules on Appeal "the court may accept as true the statement of facts in the appellant's opening brief." The court may assume that the point urged on appeal is meritorious. (*Postin* v. *Griggs*, 66 Cal.App.2d 147 [151 P.2d 887]; *Bendlage* v. *Kohlsaat*, 54 Cal.App.2d 136 [128 P.2d 691].) But this does not mean that the case will automatically be reversed. The burden to show error is on appellant. Therefore, the court must examine appellant's brief to see if the points raised are meritorious, and, if found not to be meritorious, should affirm. (See generally 4 Cal.Jur.2d § 496, p. 334.)

In his affidavit claiming the exemption defendant lists his income as $348 per month and his "necessary monthly expenses" as $375.50. Included in the list are "Installment

Contracts—$71.00'' and ''Incidentals—$25.00.'' Appellant states in his brief that he and his wife testified at the hearing as the only witnesses; that appellant testified that he is regularly employed by Crown Paint Company and receives from them $348 monthly as wages; that his wife works intermittently as a domestic, averaging about $16 a week from this source.

Appellant claims that on such a record, as a matter of law, he is entitled to an exemption of all of his wages under section 690.11 of the Code of Civil Procedure. That section provides that one-half of the earnings of a wage earner for a fixed period are exempt from execution without filing a claim and that ''All of such earnings, if necessary for the use of the debtor's family, residing in this State, and supported in whole or in part by such debtor'' are exempt, upon filing a claim therefor unless the debts are incurred ''for the common necessaries of life'' or for personal services of an employee of the debtor. Of course, whether such earnings are ''necessary for the use of the debtor's family'' presents a question of fact.

The basic theory of such exemption is that a debtor and his family, regardless of the debtor's improvidence, will retain enough money to maintain a basic standard of living in order that the debtor may have a fair chance to remain a productive member of the community. (*Bailey* v. *Superior Court*, 215 Cal. 548 [11 P.2d 865]; *Avilla* v. *Avilla*, 81 Cal. App.2d 210 [183 P.2d 668].) The statute should be liberally construed in order to effectuate this purpose. (*Holmes* v. *Marshall*, 145 Cal. 777 [79 P. 534, 104 Am.St.Rep. 86, 2 Ann.Cas. 88, 69 L.R.A. 67]; *Van Lue* v. *Wahrlich-Cornett Co.*, 12 Cal.App. 749 [108 P. 717].) But the burden of proof is upon the judgment debtor to establish his right to such an exemption. (*Carter* v. *Carter*, 55 Cal.App.2d 13 [130 P.2d 186]; *Bertozzi* v. *Swisher*, 27 Cal.App.2d 739 [81 P.2d 1016]; *Murphy* v. *Harris*, 77 Cal. 194 [19 P. 377].) In determining whether the debtor has met this burden of proof the trial court is necessarily vested with wide discretion. This is so because the determination of what is ''necessary for the use of the debtor's family'' is not subject to precise definition, and differs with each debtor. Thus, the determination must be largely left to the discretion of the trial court. (*Sanker* v. *Humborg*, 48 Cal.App.2d 205 [119 P.2d 433]; see also *Los Angeles Finance Co.* v. *Flores*, 110 Cal.App.2d Supp. 850 [243 P.2d 139].)

■ The trial court has impliedly found that the debtor has not met the required burden, and that $38 a month of his income is subject to execution, i.e., not "necessary" for him or for his family. In attacking this finding we are not supplied with a reporter's transcript. We are furnished with the two affidavits, and appellant's opening brief, which purports to summarize the evidence produced at the hearing. According to the affidavit and summary, appellant's obligations exceed his income by $27.50. But one such obligation is listed as "Incidentals" for which $25 is allocated. This does not prove, as a matter of law, that such "incidentals" were reasonably necessary for the debtor or his family. Another ambiguous and unexplained item is "Installment Contracts—$71.00." What the installments were for and whether the articles involved were necessary for the family does not appear. Appellant also concedes that his wife earns over $64 per month as a domestic. If this figure be included, the family balance sheet shows an excess of income over expenses.

Under these circumstances it cannot be held that, as a matter of law, the trial court abused its discretion in finding that $38 a month of the debtor's income was subject to execution. The appellant has failed to meet the burden of establishing that all of his wages, including the $38, were "necessary" for the use of his family.

The order appealed from is affirmed.

Bray, J., and St. Clair, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.