[Civ. No. 23289.   Second Dist., Div. Three.   Jan. 29, 1959.]

ROGER LE FONT, Respondent, v. BEN I. RANKIN et al., Defendants; JAMES H. MORRISON, Appellant.

James H. Morrison, in pro. per., for Appellant.

Gibson, Dunn & Crutcher, Samuel O. Pruitt, Jr., and John L. Endicott for Respondent.

VALLÉE, J.—Appeal from an order denying the claim of defendant James H. Morrison for an exemption of half of his earnings, averred to have been received by him for his personal services rendered within 30 days of the levy of an attachment.

The complaint, filed November 9, 1955, alleged a common count for money had and received. On filing the complaint, plaintiff filed an affidavit for a writ of attachment alleging Morrison was indebted to plaintiff on an implied-in-law contract for the direct payment of money. A writ of attachment issued and was served on a number of banks the following day. Seven hundred and six dollars and ninety-six cents was attached in four bank accounts.

On September 11, 1957, nearly two years later, Morrison filed an "Exemption Claim For Earnings Under Section 690.11, C.C.P." stating that the $706.96 were his earnings for personal services rendered within 30 days next preceding the levy and that they were necessary for the use of his family, consisting of himself and his wife. Plaintiff filed a counteraffidavit stating the moneys attached were not earnings for personal services rendered within 30 days next preceding the levy; on information and belief, the moneys attached were on deposit in the banks for longer than 30 days prior to the levy. Morrison filed a supplemental affidavit stating he was self-employed as a tax consultant and the earnings were from fees for such services; he deposited in one of the banks "fees for personal services rendered to his clients in the amount of $115.00 on November 4, 1955"; he deposited in another of the banks "fees for personal services rendered to

his clients as follows: $50.00 on November 4, 1955, $340.00 on November 7, 1955, and $200.00 on November 8, 1955"; the amounts of $59.96 and $6.14, held under attachment in two other banks, "were earnings derived from personal services rendered by affiant to his clients."

On motion of appellant Morrison, a hearing was had to determine the claim of exemption. The court denied the claim. Morrison appeals from the order.

Morrison first asserts his earnings as a tax consultant are earnings for personal services within the meaning of section 690.11 of the Code of Civil Procedure. The point is not in issue. Plaintiff concedes that the earnings of a self-employed person, whether he be a professional man or not, are earnings for personal services within the meaning of section 690.11.

Section 690.11 requires that earnings to be exempt must have been for "personal services rendered at any time within 30 days next preceding the levy of attachment." Morrison made no showing to come within the section. There was nothing before the court to show that the moneys attached were earnings for personal services rendered within 30 days next preceding the levy.

The statement in the printed form "Exemption Claim For Earnings" that the moneys attached were "earnings for personal services rendered within 30 days next preceding said levy" is a conclusion of law. "The prevailing rule is that 'one who contends for an exemption must establish his right by evidence, by facts,' and that an affidavit which merely follows the language of the statute states nothing more than a conclusion of law and proves nothing." (*Bertozzi* v. *Swisher*, 27 Cal.App.2d 739, 743 [81 P.2d 1016].) "[T]he burden is upon him to show that he is entitled to the exemption. . . . The affidavit of Santich merely follows the language of the statute and states nothing but conclusions of law. Such an affidavit proves nothing (1 Cal.Jur. 669, 670)." (*Petrich* v. *Francis*, 83 Cal.App. 72, 74 [256 P. 444]. Also see *Fay Securities Co.* v. *Bowering*, 106 Cal.App. Supp. 771, 776-777 [288 P. 41].) Morrison's supplemental affidavit merely establishes that the moneys attached were deposited within 30 days next preceding the levy. There is no averment therein that the moneys were earned within the 30-day period.

In *Carter* v. *Carter*, 55 Cal.App.2d 13 [130 P.2d 186], the defendant claimed an exemption of moneys in his bank account. He was a commission salesman in San Francisco for

New York firms. His claim was rejected, the court stating (p. 14):

"He [defendant] testified that he sells drapery and upholstery goods on commission in San Francisco for two New York firms. The practice is for him to forward checks to these firms for goods sold and they in turn mail checks to him for the commissions earned. He did not recall what items made up the amount of $251.87 claimed to be exempt. He merely added up all the deposits made in his account within thirty days of the levy. He keeps no books and had no record of his earnings except his deposits and an informal record that he keeps to enable him to make an income tax return. It is obvious from this summary of his testimony that he failed to prove that any part of the sum as to which he claimed an exemption was for 'services rendered within thirty days next preceding the levy.' He failed completely in fact to prove when any of such services were actually rendered."

Morrison failed completely to prove when any of the services for which the moneys on deposit were earned were actually rendered.

In his closing brief Morrison says that he appeared at the hearing of the matter "bringing with him evidence consisting of bank deposit slips, cash-book entries, and vouchers, which would show that the attached moneys were derived from services, personally rendered by appellant to his clients within the 30 days immediately prior to the date of levy" and that he "made the proffer of the evidence, explaining to the court what the evidence would show, namely, that the moneys were appellant's earnings from personally rendered services within the thirty days immediately prior to the date of attachment, or levy, and that the amounts on deposit were deposited within the same thirty days prior to levy. Respondent, by his counsel, made no objection to the proffer. However, the court declined the proffer, saying that it was not necessary to present the evidence, and that it was taking the matter under submission." He has filed two declarations in this court to substantially the same effect: one by himself, and one by an attorney who happened to be in the courtroom at the time. The statement in the brief and the declarations cannot be considered. They are not part of the record on appeal.

When an appellant desires to present any point which requires consideration of the oral proceedings, he must obtain and file in the appellate court a reporter's transcript, certified by the reporter; or, where a transcript is unavailable, a settled

statement of the oral proceedings prepared by the parties and settled by the judge who heard the matter; or an agreed statement prepared by the parties, consisting of a condensed statement of the relevant proceedings. (Rules on Appeal, 4, 6, 7, 8.) The record on appeal consists solely of the clerk's transcript. There is no reporter's transcript, settled statement, or agreed statement.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.