**In the Matter of SA AUTO–JACK, INC., Bankrupt.**

**No. 573–088–C SC.**

United States District Court, N. D. California.

July 26, 1974.

Allen Reames, San Jose, Cal., for appellant.

John T. Dawson, Campbell, Cal., for respondent.

ORDER

CONTI, District Judge.

In this bankruptcy proceeding, there was filed a petition for review of the Bankruptcy Judge's decision denying exempt status to certain property of the bankrupt.

Appellant S. A. Auto-Jack, Inc., is a corporation which filed a voluntary petition in bankruptcy on January 18, 1973. Pursuant to California Code of Civil Procedure § 690.4, appellant claimed certain property (e. g., desks, filing cabinets, chairs, etc.) as exempt from the operation of the Bankruptcy Act. The trustee disallowed this claim of exemption, stating that corporations are not entitled to exemptions. Bankruptcy Judge Cowan upheld this determination. The sole issue in this petition for review is whether a corporation may claim an exemption for property under California Code of Civil Procedure § 690.4.

All principles involved in this litigation agree that this is a case of first impression. The applicable code section states:

> To the maximum aggregate actual cash value of two thousand five hundred dollars ($2,500), over and above all liens and encumbrances on such items at the time of any levy of attachment or execution thereon, any combination of the following: tools, implements,

instruments, uniforms, furnishings, books, equipment, one commercial fishing boat and net, one commercial motor vehicle reasonably necessary to and actually used in a commercial activity, and other personal property ordinarily and reasonably necessary to, and personally owned and used by, the debtor exclusively in the exercise of the trade, calling or profession by which he earns his livelihood.

Appellant essentially argues two points. First, corporations are not specifically prohibited from claiming exemptions under § 690.4. Since the exemption statutes should be liberally construed, and since the section merely refers to the "debtor" without further particularization, corporations should be allowed to claim the exemption. Secondly, appellant seeks to minimize the precedental value of certain cases which appear to hold that exemptions were designed solely for the benefit of a debtor and his family, contending that the material alteration of the exemption statutes in 1970 is confirmation that the Legislature in fact intended a substantial departure from the previous statutory and decisional law.

Respondent argues that the exemption statutes were never intended to cover corporations. Although the exemption laws generally are construed liberally, liberal construction is not customarily applied to extend a statute beyond its object. Since exemptions for certain types of corporations are specifically provided in other sections, this demonstrates the intent of the Legislature to limit the scope of exemptions available to corporations.

Several California cases, while not ruling on this precise issue, have nevertheless made statements which provide guidance for this inquiry. For example, Robert v. Adams, 38 Cal. 383 (1969) observed that the purpose of the exemption statute "was to secure to the judgment debtor the means to prosecute his vocation, and thus earn a support for himself and family." 38 Cal. at 385. Bertozzi v. Swisher, 27 Cal.App.2d 739, 81 P.2d 1016 (1938) further noted:

"As said in many of the earlier decisions, some of which are hereinafter cited, the fundamental reason for the enactment of exemption laws is to protect a person, whatever his occupation might be, from being reduced by financial misfortune to abject poverty; therefore, to accomplish that end and in order to encourage industry and thrift, laws of that type have been framed which place beyond the reach of creditors not only the debtor's home but also various kinds of personal property reasonably necessary for him to have in order to earn a living for himself and family. . . . . ."

Witkin states: "the exemptions of the judgment debtor (C.C.P. § 690 et seq) are for the personal benefit of the *debtor*. The property itself would ordinarily be subject to execution, but the debtor, for the protection of himself and his family, is allowed to retain all or part of it." (5 Witkin, California Procedure 2d ed. 1971, at 3405–3406.)

Moreover, § 690.4 speaks in terms of personal use of the property by the debtor, in his trade, calling or profession by which he earns his livelihood. The natural implication of this wording is that the section applies only to natural persons not to corporations.

The above references lead to the conclusion that the exemption statutes in general, and § 690.4 in particular, do not apply to corporations. Appellant's contention that the 1970 amendments changed the prior law is unsupported and unpersuasive. The alterations in § 690.4 seem much more directed at establishing a general standard for exemptions (as opposed to the prior specific listing of jobs) rather than bestowing exemption benefits on corporations.

Thus the court must conclude that corporations are not entitled to claim exempt property under § 690.4.

It is, therefore, hereby ordered that the decision of the Bankruptcy Judge is affirmed.