[Civ. No. 2932.   Fourth Dist.   Dec. 1, 1941.]

EFFIE C. SANKER, Appellant, v. CHARLES HUMBORG, Respondent.

William L. Waters for Appellant.

Albert Launer for Respondent.

MARKS, J.—This is an appeal from an order releasing money from liens of executions.

Plaintiff recovered judgment against defendant for damages suffered by her as a result of the death of her husband which was caused by his being run down by an automobile driven by defendant.

Defendant was an employee of the Union Oil Company of California, working for wages of $7.50 per day, sometimes for 19 and sometimes 20 days a month. He was married and was supporting his wife and their two minor children. The family lived in Fullerton, California. Two executions were served on his employer and a total of $148.66 was withheld under them. The wages were earned within approximately one-half month before each levy.

Defendant claims the money to be exempt from execution under the second paragraph of section 690.11 of the Code of Civil Procedure for the reason that all of it was necessary to provide the family with the necessaries of life. After a hearing the trial court found that all of the money was necessary for that purpose and ordered it released.

Plaintiff makes two attacks on the order. She first urges that the evidence of defendant as to the various amounts necessary to pay the items of living expenses was conjectural and speculative and therefore not sufficient to support the

finding based on it. She next urges that some of the items of expenditure allowed by the trial court were not for necessaries of life.

Defendant's testimony on direct examination as to the various items of necessary expenditures may be illustrated by the following quotation: "Q. And what other items make up your general living expenses? How much do you spend for food? A. Well, I have got it down here. There is food, milk and cottage cheese, that is buttermilk and cottage cheese and milk, $10.00 a month. . . . Q. What do you pay for groceries per month? A. My groceries and meat run $50.00 a month. Q. You are speaking for the family? A. For the family, the four of us.''

On cross-examination he admitted that he kept no exact book account of his various expenditures and that the various amounts testified to by him were based on the best estimates he was able to make of those expenditures.

The trial court accepted this evidence, given on his direct examination, as true and it was not sufficiently shaken on cross-examination to require its rejection by the trier of fact.

Plaintiff bases her second argument on the common law definition of necessaries as stated in *Sumner* v. *Mohn*, 47 Cal. App. 142 [190 Pac. 368].

This common law definition has been considerably extended in California. In *Evans* v. *Noonan*, 20 Cal. App. 288 [128 Pac. 794], it is said:

''The word 'necessaries' as it has been applied by some of the cases in which its legal import has been interpreted, is a relative term and, as so applied, has been restricted or enlarged in the scope of its legal signification according to the circumstances and conditions of the parties. Some of the cases have held that it is not confined in its application merely to what is essential barely to support life, but that it includes many of the conveniences of refined society, such as ornaments of dress, which are usually worn by persons of rank and position.''

To illustrate the application given to this rule, and the extension of the common law rule in California, we cite the following cases in which a variety of services and items have been held to be necessaries under the facts of those cases, some of which would not have been classified as necessaries under the common law: Proper medical attention, *Simoneau*

v. *Pacific Electric R. Co.,* 159 Cal. 494 [115 Pac. 320]; domestic services, *Wisnom* v. *McCarthy,* 48 Cal. App. 697 [192 Pac. 337]; service of a nurse, *Davis* v. *Fyfe,* 107 Cal. App. 281 [290 Pac. 468]; a fur coat costing $372.50, *Bay District Claim Service* v. *Jones,* 136 Cal. App. (Supp.) 789 [24 Pac. (2d) 977]; dental services, *Smith* v. *Bentson,* 127 Cal. App. (Supp.) 789 [15 Pac. (2d) 910]; services of a nurse girl, *Heaton* v. *Justice's Court,* 19 Cal. App. (2d) 118 [64 Pac. (2d) 1004]; legal services rendered an incompetent wife in restoring her to competency, *Stone* v. *Conkle,* 31 Cal. App. (2d) 348 [88 Pac. (2d) 197].

█ Plaintiff particularly urges that three items of expense allowed by the trial court cannot be classified as expenditures for necessaries. They are: $5 per month for miscellaneous expenses and recreation; $5 per month for music lessons for the children, and $4.50 per month for insurance for the wife and children.

Under the rule prevailing here, what is a necessary of life must depend largely on the circumstances of each case and the position of the family involved. What is or what is not a necessary, must, to a considerable extent, be committed to the sound discretion of the trier of fact. Under the facts of this case and the law as it exists in California we can see no abuse of discretion in the decision rendered by the trial judge in holding that the various items of expense involved here were for necessaries of life.

█ Plaintiff has added the various items of expense testified to by defendant and approved by the trial judge as the necessary expenses of the family and finds they total $143.06, which would leave a few dollars of the salary in excess of that amount and which she contends were not necessary for the support of the family and which should have been applied on the judgment.

Defendant testified as follows: "Q. Mr. Humborg, what about is monthly taken out of your earnings for unemployment reserve social security and so on? . . . A. Well, I would say about eight dollars." This item brings the total necessary expense above the income and disposes of this final argument.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.