[Civ. No. 9062.   Third Dist.   June 7, 1957.]

ELLA MALONE et al., Appellants, v. STATE EMPLOY-
EES' RETIREMENT SYSTEM et al., Respondents.

James H. Phillips for Appellants.

Edmund G. Brown, Attorney General, and William J.
Power, Deputy Attorney General, for Respondents.

VAN DYKE, P. J.—Appellants herein petitioned the supe-
rior court for a writ of mandate compelling respondents to
pay certain retirement benefits to them after the deaths of
their respective husbands, who had been employed by the state
as fish and game wardens and had retired from service.   The
court issued an alternative writ of mandate.   From a judgment

discharging the writ, petitioners have appealed. The issue presented is the proper interpretation of controlling statutes.

The pertinent legislation is found in chapter 9, part 3, division 5, title 2 of the Government Code. Chapter 9 is entitled "Benefits" and follows legislation implementing constitutional permission to the Legislature to provide a state retirement system. Section 21208, the salient statute in this case, provides: "The provisions of this chapter applicable to patrol members are applicable to warden members. 'Highway patrol service' means 'warden service' as applied to warden members." Like provisions are made as to forestry members. (§ 21209.) The next section, the first section of article 2 of chapter 9 entitled "Service Retirement," defines the elements of allowance on retirement for service and contains a special provision that patrol members' widows, or minor children, or dependent parents, in that order, shall receive one-half the member's annuity allowances after death of the member. Sections 21252.1, 21252.2 and 21252.3 are special sections addressed to benefits to patrol, warden and forestry members which are alike, save that the normal retirement age for patrol members is fixed at age 55, but for warden and forestry members is fixed at age 60. Sections 21256, 21256.1, and 21256.2 again are special sections devoted to patrol, warden, and forestry members, alike, save for normal retirement age. What has just been said is true also of sections 21257 and 21257.1.

Section 21263, which is the specific section on which appellants ground their claims for continuing benefits after death of their husbands, provides:

"Upon the death of a patrol member after the effective date of this section and after retirement for service or for industrial disability, including such members heretofore and hereafter retired, one-half of his retirement allowance as it was at his death, excluding the portion of said allowance derived from accumulated additional contributions of the member, shall be continued throughout life or until remarriage, to his surviving wife. . . ."

It is contended by appellants that the provisions of section 21263 apply to warden members as well as to patrol members and that, therefore, under the provisions of that section they are entitled to receive the benefits which the section accords to wives of deceased patrol members who had retired for service.

The sections providing that the provisions of chapter 9 applicable to patrol members shall also be applicable to

warden members and to forestry members are found in article 1 of the chapter, which article is devoted to general provisions. At that point the statutes clearly show a legislative intent to group such members together as to benefits to be derived from membership in the state retirement system. The first possible application of the statutory directives that provisions of chapter 9 applicable to patrol members shall equally apply to warden and forestry members occurs in the first section of article 2. By that section, 21250, patrol members are expressly accorded benefits differing from benefits accorded to members of the system generally in that, as to patrol members, there is a provision for automatic continuance of service retirement annuities to a surviving wife, to minor children and to dependent parents. We fail to see how section 21250, with its special provisions for patrol members, can be excluded from the statutory directives that all provisions applicable to patrol members shall be applicable to warden and forestry members. The juxtaposition of the three sections, 21208, 21209 and 21250, in addition to the plain provisions of the first two sections, compels such construction if, indeed, obedience to the plain legislative mandate can be considered as construction where, due to the clarity of the legislation, no construction is needed. The following sections which we have noted treat patrol members, warden members and forestry members alike, save only as to a difference in normal retirement age. We then come to section 21263, which, conforming to the general requirement of section 21250 for automatic continuance of service retirement annuities to surviving wives, children or dependent parents, provides that one-half the retirement allowance of a patrol member shall be extended to such relicts. Again, we can see no reason why the statutory mandates do not require that these special provisions as to patrol members be applied to warden and forestry members, subject only to the difference in normal retirement age. ■ We think applicable here what is said in 23 California Jurisprudence, "Statutes," section 103:

"When the language of a statute is such that the intention of the lawmakers is in any respect doubtful—as where the language is ambiguous or uncertain and it is impossible to reconcile to the full extent the various provisions—it is necessary to resort to construction to ascertain the true intention. . . . On the other hand, it is a cardinal rule that a statute free from ambiguity and uncertainty needs no construction, and will be enforced as written. Thus it has been repeatedly an-

nounced, in varying language, that there is no room for construction, liberal or otherwise, or for interpretation or comment, where the language is clear, plain and unambiguous, or direct, explicit and unmistakable, and leaves no doubt as to the legislative intent. The legislature should be credited with meaning what it has plainly expressed. In other words, if the statute is plain, it speaks for itself, and no exposition may be made which is opposed thereto. The court must follow the language employed and give to it the plain meaning, whatever may be thought of the wisdom, expediency or policy of the law, or even though it may appear probable that a different object was in the mind of the legislature.''

The contentions of respondents are stated as follows: Where the state employees' retirement law is amended to provide that warden members of the retirement system are to be given the same treatment as patrol members and four years thereafter the Legislature specifically grants certain additional benefits to patrol members and fixes the contributions to be paid by the members to whom the additional benefits are given and provides for an increase in the state's contribution with respect to such members, do the additional benefits extended to highway patrolmen inure to warden members even though such members are not mentioned in the statute creating the additional benefits and neither the member contributions nor the state contribution for warden members is mentioned in the statute. It may very well be that we are presented here with an error in draftsmanship. It may even be that in fact the Legislature did not intend to extend the extra benefits to widows of warden and forestry members when it enacted the sections which extended such additional benefits to the widows of patrolmen. But the intent of the Legislature must be gathered from what it has said and when it has spoken plainly the clear expression of its intent is controlling. It is idle to discuss what the Legislature probably intended to do or from a policy point of view what it ought to have done. It has told us what it intended to do in language so clear as to forbid construction, and whether or not it ought to have done so is a matter exclusively for legislative determination. We note also that what the respondents term the special or additional benefits extended to highway patrolmen were the subject of legislation enacted four years after the legislative declaration that provisions in chapter 9, applicable to patrol members, were also applicable to warden and forestry members. But this legislation was enacted in 1949, and the Legislature has

met and adjourned several times since then with no attempt being made to change the legislation. For aught we know the Legislature may have considered that the hazardous nature of the duties of patrol members justified the extension of additional benefits to them and their dependents over those extended generally to members of the state retirement system; and may have considered also that the duties of warden and forestry members were also hazardous to a point that justified the extension of the same additional benefits.

Respondents argue that we should ignore the plain provisions of sections 21208 and 21209 because legislation enacted at the same time as section 21263 also provided for the funding of the increased cost of additional benefits extended to patrol members. Section 21263 was added to the statutes by chapter 1498 of the Statutes of 1949, and the title of the legislation was worded as follows: "An act to amend Sections 20603, 20750.2, 21250, 21330 of the Government Code and to add Section 21262 [21263] thereto, relating to the State Employees' Retirement System, and providing for status, rights, privileges, contributions, and benefits of patrol members thereof, and for the state contribution thereto in respect to such members." Respondents argue that chapter 1498, which includes the legislation that became section 21263, does more than provide an additional benefit for certain members of the retirement system; that it also fixes the contributions to be paid by the members benefited and the contributions to be paid by the state on their behalf; that only patrol members are the members designated as "such members" in the title of the statute. Respondents note that section 20603, which is the subject of section 1 of chapter 1498, fixes the employee contribution for those affected by the bill and makes specific reference to highway patrolmen and highway patrolmen only; that the rate of contribution provided in that section is geared to a retirement age of 55; and that it is only highway patrolmen that have normal retirement at that age; that warden members are entitled to retire at age 60, not age 55, and that their rate of contribution is fixed by section 20603.1, not by section 20603. They note also that section 27500.2, which is the subject of section 2 of chapter 1498, makes specific reference to highway patrolmen and that the state's contribution for warden members is fixed by sections 20750.4 and 20750.41. Respondents argue that the words "patrol member" as used in sections 1 and 2 of said chapter 1498 can have reference only to highway patrolmen, and that there is nothing in the chapter

to indicate that the words "patrol member" as used in sections 4 and 5 are to be understood otherwise than as used in sections 1 and 2; that it is patently evident that the words have the same connotation throughout the act. Respondents, while admitting that standing by itself sections 21208 and 21209 are unambiguous, yet say that they exist as a part of the state employees' retirement law which must be read as a whole; and that so read it becomes, as they put it, "abundantly clear that the term 'patrol member' used in Section 21263 has reference to highway patrolmen alone." They say the problem resolves itself into a conflict between two provisions of the same law, and they ask this court to apply the rules that among conflicting enactments those later in time are controlling, and that a special provision controls one that is general. Respondents concede that the two rules above mentioned are no more than aids by which the intent of the Legislature may be ascertained. Respondents say it is inescapable that if the Legislature intended that the provisions of chapter 1498 as now appearing in the code were to extend to warden members and also to forestry members under sections 21208 and 21209, some mention would have been made in chapter 1498 of the contributions of those two classes, which was not done.

If there were room for interpretation, the arguments of respondents would be persuasive. But in our view we have no right to embark upon interpretation where the Legislature has plainly declared its intention, and that is the situation here. The Legislature knew that sections 21208 and 21209 provided that provisions of chapter 9 relating to benefits to patrol members also applied to the other two classifications. We see no way to avoid the application of sections 21208 and 21209 to the provisions of section 21263. The matter is one entirely within legislative control. We see no need for the courts to construe these sections away from their plain and literal meaning on the assumption the Legislature did not know what it was doing. If amendatory legislation is required, it is for the Legislature to supply it.

The judgment is reversed.

Peek, J., and Schottky, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied July 31, 1957.