WAGLER, P. J.
 

 The plaintiff recovered judgment against the defendant, a doctor of medicine, upon a promissory note executed by the latter in payment of office rent. Thereafter, pursuant to the provisions of Code of Civil Procedure, section 710, plaintiff levied upon wages due the defendant from both the city of Oakland and the county of Contra Costa.
 

 The defendant moved to vacate this levy upon the ground that the entire amount not being “for the common necessaries of life” was exempt from execution. The matter was heard upon affidavits and upon the oral testimony of the defendant. The trial court ruled that the defendant’s entire earnings were exempt under Code of Civil Procedure, section 690.11. The plaintiff has appealed.
 

 The appeal is upon the judgment roll and upon an agreed statement filed after oral argument pursuant to stipulation entered into by the parties at the time of oral argument.
 

 
 *Supp. 859
 
 The agreed statement recites the following facts:
 

 The defendant is the mother of three daughters, age 21, 20, and 18; they all attend the University of California, and she is their sole support; she is divorced from their father who, although under court order to support the two who are minors, does not do so.
 

 The defendant’s average monthly net take-home pay is $637.57 and the necessary monthly expenses of the defendant and her three daughters are $706.
 

 Under the above facts all of the debtor’s earnings received for her personal services rendered at any time within 30 days next preceding the levy are exempt,
 
 provided
 
 all of such earnings are necessary for the use of the debtor’s family residing in this state and supported in whole or in part by such debtor.
 

 The term “necessary for the use of the debtor’s family,” however, does not embranee just any use. It is incumbent upon the debtor claiming the exemption to show that the wages are necessary for the purchase of the necessaries of life. Appellant contends that money expended for a college education is not expended for ‘ ‘ a necessary of life. ’ ’
 

 Just what are “necessaries” as that term is used in section 690.11 depends upon the circumstances surrounding each individual ease. It is a relative term to be restricted or enlarged in scope depending upon the condition of the parties. That which is a necessary under one set of circumstances might be a luxury under others. See
 
 Banker
 
 v.
 
 Humborg,
 
 48 Cal. App.2d 205 [119 P.2d 433],
 

 The learned trial judge impliedly found that expenses on behalf of defendant’s daughters incidental to attendance at the university were for necessaries. Since the duty of parents to “support, maintain and educate” their children existed at common law and has been enacted as a part of the statutory law of this state, this court cannot say, as a matter of law, that under the circumstances of this case the trial court was in error.
 

 We cannot agree, however, with the further implied finding of the trial court that an adult child under the circumstances disclosed by the record in this case is a member of the “debtor’s family” within the meaning of that term as used in section 690.11.
 

 The legal obligation of a parent to support his child terminates when the child reaches the age of 21 years, unless such child is “a poor person who is unable to maintain himself by work.” (Civil Code, § 206.)
 

 
 *Supp. 860
 
 There being nothing in the record to indicate that defendant’s eldest daughter is such a person, we hold that she is not a member of the debtor’s family within the meaning of that term as used in Code of Civil Procedure, section 690.11.
 

 The defendant contends that the case of
 
 Lawson
 
 v.
 
 Lawson,
 
 158 Cal. 446 [111 P. 354] supports her contention that her adult daughter is a member of her family. To the contrary the' case is direct authority for the conclusion we have here reached. In the Lawson case it was held that a debtor’s mother who did not reside with him was not a member of his family there being “no showing that the mother was a ‘poor person who (was) unable to maintain herself by work’ and hence there was no
 
 legal
 
 duty shown on the part of the defendant to maintain her to the extent of his ability under section 206 of the Civil Code.” An analysis of the Lawson case will disclose that the decisive point was not the fact that the debtor’s mother did not reside with him, but rather the fact that
 
 no legal duty
 
 to support the mother was shown to exist.
 

 In the present ease the difference between defendant’s net monthly income of $636.57 and the sum necessary for the support and education of defendant and her three daughters, to wit, $706, is $69.43. This sum is obviously less than the cost of supporting the eldest daughter and sending her to the university. This is a fact of which we may take judicial notice. The trial court should therefore ascertain the sum expended monthly by the defendant for the support and education of her adult daughter and subtract said sum from the sum of $706 (the defendant’s claimed expenses). The resulting sum will represent the defendant’s monthly exemption.
 

 Since the record does not disclose the sum due the defendant at the time of the levy, it is impossible for us to compute the amount which should be released. This, however, the trial court should do on a rehearing by applying the same ratio which it shall determine exists between defendant’s net monthly earnings and her monthly exemption.
 

 The order is reversed for a new hearing in the trial court; appellant to recover the costs of appeal.
 

 Hoyt, J., and Ledwich, J., concurred.