ANELDO, J.
This is an appeal from a judgment of the Municipal Court, Palo Alto-Mountain View Judicial District, denying a claim of exemption made pursuant to Code of Civil Procedure, section 690.11.
On December 12, 1966, plaintiff-respondent filed suit against appellant and recovered a default judgment on January 26, 1967, in the amount of $364.44 plus $37.61 interest and $26.50 court costs. Respondent is the assignee of the following creditors of appellant:
1. Dr. William Lewis— $ 55.00
2. Palo Alto-Stanford Hospital— 260.35
3. Field Enterprises (for a set of encyclopedias)— 64.09
*1023 In October 1968, respondent, levied execution against the wages of appellant under Code of Civil Procedure, section 688. On November 1, 1968, appellant filed a declaration of exemption with the sheriff of Santa Clara County as provided by Code of Civil Procedure, section 690.26. On November 15, 1968, a hearing was had in the municipal court and appellant’s claim of exemption was denied.
Section 688, Code of Civil Procedure, exempts one-half of appellant’s earnings received for his personal services rendered within 30 days preceding the garnishment. Pursuant to this section one-half of his earnings were released to him. Appellant contends however that the trial court erred in denying his claim of exemption, as to the remaining one-half of his earnings. It was conceded that all of appellant’s earnings were needed for the support of his family.
Appellant argues that since the judgment debt was composed of both the “common necessaries of life” (medical) and “non-necessaries” (encyclopedias), a theory of merger requires that the entire judgment debt be considered as for “non-necessaries” and therefore his claim of exemption should have been allowed under section 690.11, Code of Civil Procedure.
. Alternatively, appellant argues that at least a partial exemption should have been allowed upon a theory of apportionment equal to the ratio which the “non-necessaries” of the judgment debt bear to the total amount of the judgment debt.
Appellant further argues that since case law accords a liberal construction of exemptions in favor of the debtor, the trial court erred in denying his claim. Appellant however, has not been able to cite a single authority supporting either of his theories.
In response to appellant’s merger argument, it must be remembered that respondent is the assignee of three different creditors of appellant. An assignment carries with it all the rights of the assignor. (Civ. Code, § 1459; Reios v. Mardis (1912) 18 Cal.App. 276 [122 P. 1091].) Dr. William Lewis and the Palo Alto-Stanford Hospital, two of respondent’s assignors, had the right to execute upon appellant’s wages because their debts represent “common necessaries of life.” Since they had this right to execute upon appellant’s earnings, so should the respondent as their assignee. And this should be true even though the. debts of appellant’s creditors were treated as one for the convenience of the trial *1024 court. The fact is that three separate contractual rights were assigned to respondent for collection and he recovered judgment on each right as assignee.
Therefore, we do not agree with appellant’s contention that the judgment debt must be considered as representing “non-necessaries” merely because one of the three assigned debts was incurred for “non-necessaries. ’’
This court is also of the opinion that appellant’s second argument (i.e. theory of apportionment) can be answered by reference to the plain language of se.etion 690.26, subdivision (9), Code of Civil Procedure. Section 690.26, subdivision (10), Code of Civil Procedure used to provide that: “At the conclusion of the hearing, the court shall give judgment determining whether the claim to exemption shall be allowed or not, ...”
In 1955, the California Legislature amended the above section to read as follows: “At the conclusion of the hearing, the court shall give judgment determining whether the claim to exemption shall be allowed or not, in whole or in part, . . .” (Italics added.) (§ 690.26, subd. (9).)
It is well settled that the primary and controlling consideration in the interpretation of statutes is the determination of and the giving effect to the legislative intent behind their enactment. (Select Base Materials, Inc. v. Board of Equalization (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) We have searched and have been unable to find any legislative history indicating the purpose for this amendment. In the Select Base Materials, Inc. case, supra, the court stated: “If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.” (Ibid.) It is also true that if a statute is free from ambiguity or uncertainty, it will be enforced as written because the legislative intent will be ascertained from the language itself. (Malone v. State Emp. Retirement System (1957) 151 Cal.App.2d 562 [312 P.2d 296] ; Caminetti v. Pacific Mut. Life Ins. Co. (1943) 22 Cal.2d 344 [139 P.2d 908].)
We are of the opinion that section 690.26, subdivision (9) requires the court hearing the claim of exemption to examine the judgment debt and determine whether it represents the “common necessaries of life” or “non-necessaries” or both. And if the judgment debt represents both the “common necessaries of life” and “non-necessaries,” then section 690.26, subdivision (9) requires the court to disallow a claim *1025 of exemption to the extent that the judgment debt is for ‘1 common necessaries. ’ ’
The judgment debt involved in this appeal consisted of $315.35 for doctor and hospital bills which are “common necessaries of life.” The amount of appellant’s wages executed upon was $146.63. In denying appellant’s claim of exemption, we assume that the trial court applied the amount of the levy toward the $315.35 worth of “common necessaries.” Therefore, in this instance it must be concluded that appellant is not entitled to a partial or pro-rata exemption.
It is in eases such as the one at bench that we feel the Legislature intended for the trial court to be empowered by Code of Civil Procedure, section 690.26, subdivision (9) to deny the claim of exemption in whole rather than in part. Similarly, it is our position that in the event appellant’s wages are levied upon again, and the levy were to exceed the amount of the judgment debt still remaining for “common necessaries,” then in such a case, the trial court would be required to allow the claim of exemption as to that part of the levy which exceeds that portion of the judgment debt representing the “common necessaries.’’
The judgment is therefore affirmed and respondent shall recover his costs on appeal.
Hall, P. J., and De Marco, J., concurred.