[Civ. No. 35678. First Dist., Div. Three. Oct. 9, 1975.]

HARRIET WHITMAN THAYER et al., Plaintiffs and Appellants, v. FRANK I. MADIGAN, as Sheriff, etc., et al., Defendants and Respondents.

**COUNSEL**

Neyhart, Anderson & Freitas, Peter Nussbaum, Thomas F. Hyde, Alan F. Neckritz and Clifford Sweet for Plaintiffs and Appellants.

Richard J. Moore, County Counsel, and Ben H. Zuppan, Deputy County Counsel, for Defendants and Respondents.

OPINION

**DRAPER, P. J.**—A California statute exempts from garnishment earnings of a debtor for personal services rendered within 30 days of levy (Code Civ. Proc., § 690.6, subd. (c)) except garnishment for debts incurred "for the common necessaries of life" (*id.,* subd. (c)(1)). Plaintiffs, seven taxpayers of Alameda County, sought a declaration that this exception unconstitutionally deprives impoverished persons of equal protection of the laws. They also sought injunction against defendant Madigan, as sheriff and marshal, and against defendant municipal court, barring recognition or enforcement of the exception. At hearing on defendants' demurrer to the complaint, the parties stipulated that there were no fact issues to be determined. Both sides moved for summary judgment, and submitted the matter after argument on those motions. Defendants' motion for summary judgment was granted. Plaintiffs appeal.

Obviously, the statutes apply different treatment to those who incur debts for the "common necessaries of life" and those whose debts are incurred for other items. This distinction violates the equal protection clause only if the distinction results in a legislative classification which is arbitrary and unreasonable. In determining this issue, both state and federal courts must choose between two possible tests. The first is the "basic and conventional standard for reviewing economic and social welfare legislation." It "invests legislation involving such differentiated treatment with a presumption of constitutionality and 'requires merely that distinctions drawn by a challenged statute bear some rational relation to a conceivable legitimate state purpose.' " (*D'Amico* v. *Board of Medical Examiners,* 11 Cal.3d 1, 16 [112 Cal.Rptr. 786, 520 P.2d 10].) But a more stringent test is offered in cases involving a "suspect classification" or touching upon "fundamental interests." Under this strict scrutiny test, "the state bears the burden of establishing not only that it has a compelling interest which justifies the law but that the distinctions drawn by the law are necessary to further its purpose." (*Id.,* p. 17.)

Appellants, of course, argue that the strict scrutiny test applies here. We cannot agree.

Appellants urge applicability of the more rigid test upon the ground that the right they seek to protect is "fundamental." That right, they say, is "not to be deprived by the state of the very income [one] needs to

furnish his family with adequate food, clothing and housing." But whether this right is "fundamental" is determined by assessing whether it is "explicitly or implicitly guaranteed by the Constitution." (*San Antonio School District* v. *Rodriguez,* 411 U.S. 1, 33-34 [36 L.Ed.2d 16, 42-44, 93 S.Ct. 1278]; see also *Lindsey* v. *Normet,* 405 U.S. 56 [31 L.Ed.2d 36, 92 S.Ct. 862]; *Dandridge* v. *Williams,* 397 U.S. 471 [25 L.Ed.2d 491, 90 S.Ct. 1153].) Appellants point to, and we find, no provision of either state or federal Constitution expressly or impliedly guaranteeing the right they seek. " '[T]he Constitution does not provide judicial remedies for every social and economic ill.' " (*San Antonio School District* v. *Rodriguez, supra,* 411 U.S. at p. 32 [36 L.Ed.2d at p. 42].) California has adopted the *Rodriguez* test (*D'Amico* v. *Board of Medical Examiners, supra,* 11 Cal.3d at p. 18) and has refused to extend the more rigid rule to credit regulation. (*Wood* v. *Public Utilities Commission,* 4 Cal.3d 288, 294-295 [93 Cal.Rptr. 455, 481 P.2d 823].)

Appellants also contend that the distinction made by the code section established a classification which is based upon wealth, and thus is "suspect" so as to require the more rigid test. But the statute does not discriminate against the "poor." Those assertedly disadvantaged are a class which "cannot be identified or defined in customary equal protection terms" (*San Antonio School District* v. *Rodriguez, supra,* 411 U.S. at p. 19 [36 L.Ed.2d at pp. 34-35]). Undeniably, the affluent have little concern with the exemption of earnings for personal services in the limited conditions of the statute. But the differentiation of the statute is not between rich and poor. Rather, it is between that indeterminate, and doubtless varying, class of persons who use their earnings to pay for necessaries of life, reserving what credit standing they have for purchase of nonessentials, and those who reverse this practice. The allegedly disadvantaged "class" is not composed of those whose earnings are below any determinable fiscal level, but only that possibly large, and certainly "diverse and amorphous class" of persons of middle and lower incomes who from time to time purchase necessaries of life upon credit. "The system of alleged discrimination and the class it defines have none of the traditional indicia of suspectness" and do not "command extraordinary protection" (*San Antonio* at p. 28 [36 L.Ed.2d at pp. 39-40]). There is no suggestion of racial discrimination. The statute is applied without regard to race or color, and appellants' assertion that a disproportionate share of debtors are of minority races in no way aids their cause. Moreover, the several welfare programs are designed to assure that necessities are provided to the indigent. We conclude that the strict scrutiny test does not apply here.

The strict standard being inapplicable, we must determine whether there is any rational relationship between the statute and some legitimate state objective. Under this test, "[T]he Legislature is presumed to have acted constitutionally, and statutory classifications may be set aside only if no ground can be conceived to justify them . . ." (*Adams* v. *Superior Court,* 12 Cal.3d 55, 62 [115 Cal.Rptr. 247, 524 P.2d 375]). There is no legislative declaration of one purpose of the code section. But it seems reasonably clear that the purpose is to assure to the poor acquisition of the necessities of life by giving creditors who advance such supplies a preference over those who sell the nonessentials upon credit. The statute readily meets the test of mere rationality.

Judgment affirmed.

Scott, J., and Good, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 4, 1975.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.