Opinion
FAINER, P. J.
Plaintiff, as an assignee of the Morningside Hospital, obtained a judgment against defendant in 1978 for the sum of $1,479.53. In January 1980, plaintiff caused a wage execution levy to be effected against defendant’s wages. Defendant, as a judgment debt- or, then filed a claim of exemption claiming that all of his wages were exempt from execution. Plaintiff filed a timely opposition asserting that the judgment was based upon a common necessary of life furnished to defendant, to wit, hospital services. The trial court granted defendant his claim of exemption as to all of his earnings. Plaintiff appeals.
The statutory procedure for an employee’s claim of exemption from a judgment execution levy on wages and earnings is now in the Employees’ Earning Protection Law. (Code Civ. Proc., § 723.021.)[1] The law and procedure for earnings withholding orders and exemption claims is in sections 723.051 to 723.052, inclusive, and in sections 723.100 to 723.107, inclusive.
Section 723.051 provides that “. . . the portion of the judgment debt- or’s earnings which the judgment debtor proves is necessary for the support of the judgment debtor or the judgment debtor’s family supported in whole or in part by the judgment debtor is exempt from levy . . . unless the debt ... is incurred by the debtor, or his or her spouse or family for the common necessaries of life.” The law also provides that since the federal law, incorporated into the California law by section 723.050, limits garnishments to 25 percent of the debtor’s earnings, at least 75 percent of the debtor’s earnings are exempt. (Fed. Consumer Protection Act of 1970, 15 U.S.C. § 1673; Raigoza v. Sperl (1973) 34 Cal.App.3d 560, 563 [110 Cal.Rptr. 296].) These exemption provisions are similar to the prior law. As in the prior law, no statutory guideline or definition is given for what is “necessary for the support” of the judgment debtor or his family or for what are “common necessaries of life.” We turn to the appellate court decisions interpreting similar terms in the former code sections for the definition and application of these terms. The determination of what is “necessary” for the support of the judgment debtor or his family has not been subject to a precise definition and differs with each debtor (Perfection Paint Products v. Johnson (1958) 164 Cal.App.2d 739, 742 [330 P.2d 829]; Los Angeles Finance Co. v. Flores (1952) 110 Cal.App.2d Supp. 850, 853 [243 P.2d *Supp. 19 139]). Many things, such as recreation, music lessons, and insurance, may be within the meaning of a “necessary for . . . support.” (Sanker v. Humborg (1941) 48 Cal.App.2d 205, 207 [119 P.2d 431]; Diamond v. Bent (1957) 157 Cal.App.2d Supp. 857, 859 [320 P.2d 621].) In actions on debts incurred for common necessaries of life, the judgment debtor is subject to a garnishment or levy of execution of 25 percent of his disposable earnings or disposable earnings less 30 times the federal minimum hourly wage, whichever is less (see the Fed. Consumer Protection Act of 1970; § 723.050; Cal. Law Rev. Com. com. to § 723.050; 10 Pacific L.J. 331) even if necessary for the support of himself and his family. (Raigoza v. Sperl, supra.) The term “common necessaries of life,” while strictly construed by cases interpreting the former code provisions, means essentials commonly required by all persons for the sustenance of life, whatever their employment status and includes medical care. (Thayer v. Madigan (1975) 52 Cal.App.3d 16, 20 [125 P.2d 28]; Carpenter v. Trujillo (1969) 275 Cal.App.2d Supp. 1021 [79 Cal.Rptr. 725]; Los Angeles Finance Co. v. Flores (1952) 110 Cal. App.2d Supp. 850, 856 [243 P.2d 139].)
We hold that the trial court erred in failing to recognize that plaintiffs judgment was based on a common necessary of life, a debt for hospital services to defendant or his family. We recognize in this clerk’s transcript appeal that a mere allegation of the character of the service rendered is insufficient to make a proper showing that the debt was for a common necessary of life. (Smith v. Benston (1932) 127 Cal.App.Supp. 789, 794 [15 P.2d 910].) A review of the municipal court file, however, discloses that the underlying debt was an assigned bill for hospital services rendered defendant or his family. This is a common necessary of life and defendant is not entitled to an earning exemption for all of his earnings.
The order granting defendant a total earning exemption is reversed. The matter is remanded to the municipal court with directions to allow defendant an exemption in accordance with the provisions of section 723.050 and this opinion.[2]
*Supp. 20 Appellant to recover costs on appeal.
Foster, J., and Jones, J., concurred.

All reference to code sections are to the Code of Civil Procedure.

The respondent's brief of the pro. per. defendant challenges the' validity of the judgment claiming the debt had been paid. The judgment is final and, in attacking its validity, defendant has referred to facts which arc not in the record on appeal. We cannot consider facts which are outside the record. (Loving & Evans v. Blick (1949) 33 Cal.2d 603, 613-614 [204 P.2d 23].) We do not consider defendant’s claim that the judgment is incorrect or invalid in this appeal.